| | |
|---|---|
| **THURSTON SANDERS,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**UNITED STATES, et al.,**<br><br>    **Defendants.** | No. 17-cv-1218 (NLH) (KMW)<br><br><br>OPINION |

APPEARANCE:

Thurston Sanders
Volunteers of America
5000 East Monument Street
Baltimore, MD 21205[1]
    Plaintiff Pro se

HILLMAN, District Judge

   Plaintiff Thurston Sanders, a prisoner formerly incarcerated at Federal Correctional Institution ("FCI") Ft. Dix, in Ft. Dix, New Jersey, seeks to bring a civil rights complaint against the United States and two staff members employed there for age discrimination. In the Complaint, Plaintiff seeks to assert a claim pursuant to the Age

---

[1] The Court notes that the Bureau of Prison's Inmate Locater lists Plaintiff's current address as RRM Baltimore, Residential Reentry Office, 302 Sentinel Drive, Suite 200, Annapolis Junction, MD 20701.

Discrimination Act of 1975, 42 U.S.C. §§ 6101-6107.²

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). The Court declines to grant leave to amend because such amendment would be futile for the reason discussed below.

BACKGROUND

Plaintiff filed his Complaint on February 22, 2017. ECF No. 1. In it, Plaintiff alleges that he was discriminated

---

² On the civil cover sheet attached to the Complaint, Plaintiff specifies that he seeks to bring this action pursuant to the Age Discrimination Act of 1975. ECF No. 1-4. In the form of complaint used by prisoners in civil rights actions, a prisoner must check off whether he or she seeks to bring the action pursuant to 42 U.S.C. § 1983, which is designated on the form as "appl[ing] to state prisoners" or Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), which is designated on the form as "appl[ing] to federal prisoners." Plaintiff, a federal prisoner, checked off the box for Bivens and wrote that he brings his complaint pursuant to Age Discrimination Act of 1975. Compl. at 2. Because the Age Discrimination Act of 1975 provides for a private right of action, a Bivens claim is unnecessary. The Court construes the Complaint as brought pursuant to the Age Discrimination Act because Plaintiff's allegations only relate to age discrimination in the context of federally funded programs and Plaintiff identifies no Bivens claim for relief.

against based on his age in the continued participation in educational programs at FCI Ft. Dix. Compl. at 4. Although Mr. Sanders captions his Complaint as against the United States, he lists as defendants Mr. Womack, Supervisor of Education Programs, and John Pierre, Assistant Supervisor of Education Programs, both of FCI Ft. Dix.[3] Compl. at 4. Specifically, Mr. Sanders alleges that although he was initially enrolled in an HVAC training program at FCI Ft. Dix, he was later dismissed from it, allegedly due to age discrimination. Compl. at 4. Plaintiff also alleges that these educational programs are federally funded by the "DOJ/BOP," and thus age discrimination in such federally funded programs is prohibited by the Age Discrimination Act of 1975. Compl. at 6. Plaintiff alleges that this discrimination occurred between September 4, 2015 and October 5, 2015. Compl. at 6.

STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

---

[3] Plaintiff later in the Complaint references the New Jersey Department of Corrections as a defendant, however there are no allegations against the Department of Corrections. Compl. at 9.

3

from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis and is incarcerated.  See ECF No. 3 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

The Age Discrimination Act of 1975 provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subject to discrimination under, any program or activity receiving [f]ederal financial assistance."  42 U.S.C. § 6102.  The Act

4

defines "program or activity" as including the operations of certain types of state and local government entities, educational institutions, and private organizations, which receive federal funding for their programs.  42 U.S.C. § 6107(4).  This definition, however, does not include federal agencies such as the Bureau of Prisons, see id., and courts have routinely held that the Act does not apply to federal agencies administering their own funds.[4]  See Maloney v. Social Security Administration, 51 F.3d 70, 74–75 (2d Cir. 2008) (in the context of the Social Security Administration); Olson v. Social Security Administration, 243 F. Supp. 3d 1037, 1057 (D.N.D. 2017) (same); Cottrell v. Vilsack, 915 F. Supp. 2d 81, 91 (D.D.C. 2013) (in the context of the U.S. Department of Agriculture); Bolden v. United States, No. 12-cv-1440, 2013 WL 389028, at *5 (N.D. Ill. Jan. 31, 2013) (in the context of the Internal Revenue Service and the Social Security Administration).

Plaintiff here alleges that the federal funding at issue is the Bureau of Prison's funding for educational programs, and that the persons who made the allegedly discriminatory decision

---

[4] The same conclusion has been applied to racial discrimination pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.  See Gary v. Fed. Trade Comm'n, 526 F. App'x 146, 149 (3d Cir. 2013); Soberal-Perez v. Heckler, 717 F.2d 36, 38 (2d Cir. 1983) ("[Title VI] was meant to cover only those situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary.").

5

to dismiss Plaintiff from participation in the HVAC training program were BOP employees.[5]  Such a claim is not cognizable under the Act.  For this reason, Plaintiff's Complaint must be dismissed.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court declines to grant leave to amend as to the Age Discrimination Act claim, however, because under no set of allegations could Plaintiff recover under the Age Discrimination Act for educational programs administered by the Bureau of Prisons.

CONCLUSION

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim.  An appropriate order follows.

Dated: February 16, 2018              s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

---

[5] The Court notes that the HVAC training program appears to be taught by a private organization, Lincoln Tech.  However, there are no allegations of discriminatory conduct by employees of Lincoln Tech.

6